UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CORY CUMMINS AND SAVANNAH CUMMINS,<br><br>　　　　　Plaintiffs,<br><br> v.<br><br>SOLGEN POWER LLC and VERITY CREDIT UNION<br><br>　　　　　Defendants. | No. 3:23-cv-05363<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, Cory Cummins and Savannah Cummins, by and through counsel, bring this action for damages caused by Defendants Solgen Power, LLC and Verity Credit Union regarding the purchase of solar panels for their home that violated the Truth in Lending Act ("TILA"), 15 USC § 1602(g) and Regulation Z, 12 CFR § 1026.2(a)(17) and was unfair and deceptive in violation the Washington Consumer Protection Act, RCW 19.86, *et seq*.

**I.　　JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. Jurisdiction over claims brought under the Truth in Lending Act is authorized and instituted under 15 U.S.C. § 1640(e). This Court has supplemental jurisdiction over the state law claims that violate the Washington Consumer Protection Act, RCW 19.86, *et seq*., pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal claims that they form part of the same case or controversy. Venue is proper in this

COMPLAINT - 1

district pursuant to 28 U.S.C. § 1391(b) because the Defendants conduct affairs and transact business in this District, the unlawful acts giving rise to this complaint occurred in this District, and the Plaintiffs reside in this District.

## II.   PARTIES

2. Plaintiffs Cory Cummins and Savannah Cummins live at the real property located at 29 Parke Ln, Longview, WA 98632 ("the Property"), which was pledged as collateral for a loan with Verity Credit Union under account *****7950 ("the Loan").

3. Defendant Solgen Power, LLC ("Solgen"), is a Delaware Limited Liability Company doing business in the state of Washington and is a licensed corporation under UBI# 604 182 705. Its registered agent is Solgen Power, LLC, 5100 Elm Rd, Pasco, WA, 99301-8685.

4. Defendant Verity Credit Union ("Verity") is a credit union chartered by the state of Washington. Its primary place of business is Verity Credit Union, Attn: Tonita Webb, CEO, 11027 Meridian Ave N, Seattle, WA 98175-0874. Verity does business in the state of Washington and is licensed under UBI# 601 133 760.

5. At all times relevant to this action, defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making defendants creditors under the Truth in Lending Act ("TILA"), 15 USC § 1602(g) and Regulation Z, 12 CFR § 1026.2(a)(17).

## III.   FACTUAL ALLEGATIONS

6. On April 24, 2022, Cory Cummins and Savannah Cummins signed a contractual agreement with Solgen for the installation and purchase of solar power generating equipment for their home for the contractual price of $124,550.45.

7. After initially contacting Solgen about their product, a Solgen salesperson came to their home and took copies of their electricity bills to determine whether their electricity bills would drop from the addition of solar panels.

8. About two weeks later, the Solgen salesperson came back to their home with a full design and proposal for a solar power system for their home. Solgen claimed the solar panels would reduce their electricity bills by 85 percent, leaving them with an average estimated electricity bill of $15 to $20 a month.

9. Solgen told Mr. and Mrs. Cummins they would receive approximately $36,000 in tax credits when they filed their taxes purchasing the solar panels from Solgen.

10. To obtain the tax incentive program, they hired a tax professional and received only $12,000 in a tax rebate. They later learned that the remaining tax rebate would take over ten years to obtain.

11. During that meeting, the Cummins were given an application to secure approval of a loan with Verity Credit Union to finance the purchase of the solar panels along with a new roof for their house as part of a package deal.

12. The Solgen salesperson facilitated a credit application with Verity Credit Union to apply for a loan, committing them to purchase of the roof and solar panel system when they e-signed the documents on April 24, 2022. The Cummins electronically signed a set of documents that included disclosures they were not given the time or space to read, and a retail installment sales contract that committed them to purchase a new roof and solar panel equipment for $124,550.45., which was financed by a loan made by Verity at 3.99%. The contract is consumer paper subject to the Federal Trade Commission's Holder Rule, 16 C.F.R. Part 433, which makes the current holder, in this case liable to the Cummins for all claims and defenses he could assert against the seller.

13. During the first six months since the Cummins signed the contracts with Solgen and Verity, Solgen made the initial payments to Verity Credit Union for the first six months

COMPLAINT - 3

until October 20, 2022, under their "Solgen Power Solar Stimulus Package" during which time the Cummins did not receive a bill from Verity.

14. Although they signed the initial contract with Solgen and the loan with Verity Credit Union on April 25, 2022, Solgen did not start construction on the roof until June 27, 2022. Solgen placed seventy-seven solar panels on their new roof on July 11, 2022.

15. During installation of the solar panels, Solgen created nail holes in the new roof, took off the shingles in the awnings when they were not part of the agreement, and inexplicably, spread tar all over the roof.

16. In August, Mr. and Mrs. Cummins discovered the electricity meter was installed backwards. After several phone calls to Solgen and the Cowlitz Public Utility District ("PUD"), the Cummins paid PUD $150 in fees and charges to have the meter fixed and ultimately did not go "live" with their solar panel equipment until September 2022.

17. Due to the issues and delay in installation and problems with the PUD meter, the solar panels did not accumulate any power during the summer months and did not receive any reduction in their electricity bills.

18. In early December 2022, the Cummins received a letter from the Cowlitz County Department of Building and Planning that the permits associated with the new roof and solar panels were soon to expire as they had not passed the necessary building inspections.

19. Finally, on December 14, 2022, Solgen sent the needed permits and paperwork for the building inspection for signoff on their solar panel installation and it finally passed inspection on January 18, 2023.

20. However, due to the issues and delay in installation, problems with the PUD meter, and final building inspections, the solar panels did not accumulate any power during the summer months and did not receive any reduction in their electricity bills.

21. To compensate for the delay, Solgen gave the Cummins reimbursement for a couple of additional months to pay the monthly Verity loan payment.

HENRY & DEGRAAFF, P.S.
113 CHERRY STREET, PMB 58364
SEATTLE, WA 98104-2205
206-330-0595 phone +1-206-400-7609 fax

22. To date the solar panels are only producing enough power to reduce their monthly PUD bills by about $20 a month, not the 85% reduction they were told.

23. The Cummins did not actually see electronic versions of the transaction documents and disclosures with Verity and they were not given monthly bills until after October 2022.

24. The consumer disclosures that Verity and Solgen provided to the Cummins are inaccurate and non-compliant in a number of respects. Specifically:

a.) The Truth in Lending Disclosures provided inaccurately disclosed the APR, the Finance Charge, the Amount Financed, and the Total of Payments for the financing that Verity provided to Solgen to the Cummins and it did not identify the name and address of the creditor.

25. In April 2023, Mr. and Mrs. Cummins had an electrician review of their solar panel installation incurring $306.15 and found issues with the wiring for the panels that hung down and touched the roofing shingles.

## I. CAUSES OF ACTION

### A. CLAIM ONE: Truth in Lending Act

26. Plaintiffs repeat, reallege and incorporate by reference to the foregoing paragraphs.

27. The loan defendants made to plaintiff was a consumer transaction; defendants are creditors under the Truth in Lending Act.

28. Defendants violated the requirements of the Truth in Lending and Regulation Z by failing to accurately disclose the identity and address of the creditor, amount financed, annual percentage rate, finance charge, total of payments, and total sale price of the loan it approved in violation of 15 U.S.C. 1638(a) and Reg. Z § 1026.18.

29. As a result of defendants' failure to provide the required accurate disclosures to Mr. and Mrs. Cummins, defendants are liable to him for:

COMPLAINT - 5

a) Actual damages of the amount the creditor claims Mr. and Mrs. Cummins owes it plus payments Mr and Mrs. Cummins made on the loan, at a minimum amount of $124,500.45;

b) Statutory damages of up to $2000.00, and,

c) Reasonable attorney fees and costs pursuant to 15 USC § 1640(a)(3).

B.  **CLAIM TWO: VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT**

30. Plaintiffs incorporate herein by reference as though fully set forth at length each and every preceding allegation and statement contained herein, inclusive, of the Factual Allegations.

31. Solgen and Verity engaged in the following unfair and deceptive acts and practices in violation of the Washington Consumer Protection Act, Wash. Rev. Code 19.86.020, including but not limited to:

   a. Solgen misled Mr. and Mrs. Cummins to believe their electricity bills would reduce more than 85% after purchase of the solar panels when it only produced less than $15 to $20 in monthly savings and financing a defective product that did not deliver as intended.

   b. Solgen misrepresented the amount and timing for tax incentive rebates from federal income taxes due to the purchase of solar panels.

   c. Verity acted in an unfair and deceptive manner by failing to adhere to the requirements of the Truth in Lending and Regulation Z accurately disclose the identity and address of the creditor, amount financed, annual percentage rate, finance charge, total of payments, and total sale price of the loan it approved in violation of 15 U.S.C. 1638(a) and Reg. Z § 1026.18.

32. Defendants were in a superior informational position in that the Plaintiffs cannot be reasonably expected to know the amount of power the solar panels would produce and were deceived into believing the solar panels were a financially sound investment.

COMPLAINT - 6

33. Solgen's deceptive acts or practices occurred in trade or business through advertisement to the public, and their conduct not only has the capacity to deceive but has in fact deceived a substantial portion of the public as evidenced by public complaints to the Washington State attorney general and the Better Business Bureau.

34. Verity, by failing to give required disclosures and in violation of the Truth in Lending Act is a practice that has the capacity to deceive and a substantial portion of the public and is in violation of the public interest.

35. As such, Defendants' general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

36. As a direct and proximate result of Defendants' unfair acts or practices, Plaintiffs suffered injury.

37. The injury that resulted from the loss of money, time away from their business and expenses incurred to purchase and install solar panels that have not provided any measurable benefit.

38. The Defendants' conduct caused Plaintiffs to suffer the consequences flowing from the Verity loan being improperly given without proper disclosures, which include but not limited to accrued interests, late fees and amounts paid.

39. Plaintiffs have has paid money to Cowlitz PUD and for inspectors to review and fix issues that Solgen should have done.

40. Plaintiffs are therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages pursuant to Wash. Rev. Code 19.86.090; costs of suit, including a reasonable attorney's fee; and such further relief as the Court may deem proper.

41. Plaintiffs are entitled to exemplary damages because Defendants acted in bad faith in deliberate or reckless disregard of their rights and obligation. The actions of Defendants as alleged herein constitute violations of the Washington Consumer Protection

COMPLAINT - 7

Act, and: (1) have occurred in trade or commerce; (2) are deceptive as alleged above; (3) negatively affect the public, including Washington residents who purchase solar panels from Solgen and financed them with a loan from Verity; and (4) causing injuries to Plaintiffs as alleged above.

## II.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

1) Actual damages of the amount verity claims Mr. and Mrs. Cummins owe it plus payments made with the amount to be proven at trial with prejudgment interest.

2) Statutory damages of up to $2,000, and;

3) Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1640(a)(3).

4) For declaratory relief that Solgen and Verity's conduct violated the Washington Consumer Protection Act;

5) For all remedies provided under the WA CPA, RCW 19.86.090, including treble damages up to $25,000 for each and every violation of the Consumer Protection Act, and attorney fees and costs under RCW 19.86.090;

6) Plaintiffs reserve their request for injunctive relief pursuant to RCW 19.86.090.

7) For actual damages, attorney's fees and costs, punitive damages in the amount of $10,000 and any other equitable relief the court may deem necessary for violations of the ECOA under 15 U.S.C. § 1691e(a) –(d);

8) For pre-judgment interest on the above amounts as authorized by law;

9) For other relief as the Court deems just and equitable;

10) For leave to amend this complaint as needed and as required.

1  Respectfully submitted this 24th day of April 2023.

HENRY & DEGRAAFF, PS

*/s/ Christina L. Henry*
Christina L. Henry, WSBA #31273
113 Cherry Street, PMB 58364
Seattle, Washington 98104
chenry@hdm-legal.com
Tel.: (206) 330-0595
Fax: (206) 400-7609