UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORY CUMMINS, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>SOLGEN POWER, LLC, et al.,<br><br>　　　　　　Defendants. | CASE NO. C23-5363JLR<br><br>ORDER |

Before the court is Defendants Solgen Power, LLC and Verity Credit Union's (collectively, "Defendants") motion to dismiss Plaintiffs Cory and Savannah Cummins's (the "Cummins") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, to compel arbitration. (Mot. (Dkt. # 14).) For the reasons explained below, the court DENIES Defendants' motion as moot.

Defendants filed their motion to dismiss the Cummins's original complaint on July 25, 2023. (*See generally id.* (citing Compl. (Dkt. # 1)).) The Cummins filed an amended complaint on August 15, 2023. (*See* Am. Compl. (Dkt. # 15).) A plaintiff may amend

ORDER - 1

their complaint once as a matter of course party within 21 days after service of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b). Fed. R. Civ. P. 15(a)(1)(B). Thus, the Cummins's amended complaint was timely filed. *Id.*

"It is well-established in [the Ninth C]ircuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927-28 (9th Cir. 2012)). As a result, "the original pleading no longer performs any function." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)). Because Defendants' motion to dismiss targets the original complaint, which is no longer in effect, the motion to dismiss is moot. *Id.* ("Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it."); *see also, e.g.*, *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009) ("As both motions pertain to Plaintiff's original complaint and Plaintiff has since filed an Amended Complaint, both Motions are now moot.").

Accordingly, the court DENIES as moot Defendants' motion to dismiss the Cummins's original complaint, or alternatively, to compel arbitration (Dkt. # 14). This denial is without prejudice to Defendants filing a motion to dismiss or to compel arbitration directed at the Cummins's amended complaint.

//

1   Dated this 16th day of August, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER - 3